**Harvey JACQUE, Plaintiff–Appellant,**

v.

**WESTERN REGIONAL OFF–TRACK BETTING CORPORATION, Service Employees International Union Local 200C, Defendants–Appellees.**

**Nos. 00–7962L, 00–7963.**

United States Court of Appeals, Second Circuit.

June 19, 2001.

Harvey Jacque, Rochester, NY, pro se.

Timothy A. McCarthy, Batavia, NY, for appellee Western Regional OTB.

Kenneth L. Wagner, Blitman & King, Syracuse, NY, for appellee Union.

Present GRAAFEILAND, KEARSE, Circuit Judges, and SEYBERT, District Judge.*

### SUMMARY ORDER

This cause came on to be heard on the record from the United States District Court for the Western District of New York, and was argued by plaintiff *pro se* and was submitted by counsel for defen-dant Service Employees International Union Local 200C and counsel for Western Regional Off–Track Betting Corporation.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and de-creed that the judgment of said District Court be and it hereby is affirmed.

Plaintiff Harvey Jacque appeals from a judgment of the United States District Court for the Western District of New York, Michael A. Telesca, *Judge,* granting summary judgment dismissing his com-plaint alleging racial discrimination in vio-lation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* We affirm substantially for the reasons stated in Judge Telesca's Decision and Order dat-ed April 12, 2000.

On appeal, Jacque contends principally that summary judgment should not have been granted before he obtained additional discovery. Apparently related to that dis-covery argument, Jacque has also filed two motions for "Reconnaissance and Proffer." However, Jacque has neither identified documents that should have been produced nor indicated how they would have sup-ported his claims of racial discrimination. Nor has he pointed to anything in the record to show that the district court abused its discretion with respect to dis-covery. Accordingly, his discovery argu-ments provide no basis for reversal; his "Reconnaissance and Proffer" motions are denied.

Jacque also contends that the district court should have appointed counsel to represent him. We see no abuse of discre-tion in the court's denial of that request. *See generally Hendricks v. Coughlin,* 114 F.3d 390, 392 (2d Cir.1997); *Pena v. Choo,*

* Honorable Joanna Seybert, of the United States District Court for the Eastern District of New York, sitting by designation.

826 F.2d 168, 168–69 (2d Cir.1987) (per curiam).

We have considered all of Jacque's contentions that are properly before us and have found in them no basis for reversal. Issues argued on appeal that were not raised in the district court are not properly before us, and we see no indication that the interests of justice require us to entertain them. *See generally Singleton v. Wulff,* 428 U.S. 106, 121, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976).

The judgment of the district court is affirmed.